UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. BENNETT,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

Case No. 3:13-cv-5372-RBL-KLS

REPORT AND RECOMMENDATION

Noted for May 16, 2014

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, Defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On June 28, 2010, Plaintiff protectively filed an application for SSI, alleging disability as of January 15, 2007, due to a right shoulder injury, depression, and colon/stomach problems . See Administrative Record ("AR") 208-12, 299. His application was denied upon initial administrative review and on reconsideration. See AR 118-25, 129-36. A hearing was held

before an administrative law judge ("ALJ") on January 5, 2012, at which Plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE"). See AR 30-58.

On January 12, 2012, the ALJ issued a decision finding Plaintiff not disabled. See AR 11-23. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 6, 2013, making the ALJ's decision Defendant's final decision. See AR 1-4; see also 20 C.F.R. § 404.981, § 416.1481. On May 17, 2013, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF ## 2, 4. The administrative record was filed with the Court on August 15, 2013. See ECF ## 11, 12. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to Defendant for additional proceedings, because the ALJ erred (1) in evaluating the medical evidence in the record, and (2) in discounting Plaintiff's credibility. For the reasons set forth below, the undersigned disagrees that the ALJ erred in determining Plaintiff to be not disabled, and therefore recommends that Defendant's decision be affirmed.

DISCUSSION

The determination of the Commissioner of Social Security ("the Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432,

433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I. The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues that the ALJ erred in evaluating the medical evidence at steps two, three, and four. ECF # 15 at 3-8. Specifically, Plaintiff alleges that the ALJ should have considered his Global Assessment of Functioning ("GAF") scores at step two, and cherry-picked evidence showing that he is not disabled at steps three and four, while overlooking evidence corroborating his allegations. The undersigned will address the disputed medical opinions in turn.

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2dat 1119 n.10.

A. *Legal Standards*

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984)

(citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

B. *GAF Scores*

Plaintiff argues that the ALJ erred in failing to consider his GAF scores at step two. He does not explain how or why GAF scores would have been relevant at step two. ECF # 15 at 3-4. Indeed, the ALJ found Plaintiff's depression to be a severe impairment at step two. AR 13. The ALJ went on to mention Plaintiff's GAF scores in his discussion of the medical evidence when assessing Plaintiff's residual functional capacity ("RFC"), and explained why he gave the scores of record "very little weight." AR 20. Plaintiff's argument that the ALJ "neglected to consider" or "failed to take into consideration" his GAF scores is therefore not supported by the record: the ALJ did not ignore the GAF scores, but explained why he discounted them.

Although Plaintiff appears to disagree with the ALJ's interpretation of the GAF scores (ECF # 15 at 4-5), he does not provide any persuasive argument against the ALJ's interpretation. As the ALJ accurately noted, the clinicians who rated Plaintiff's GAF appeared to account for factors irrelevant to disability. AR 20, 509, 685. Furthermore, as noted by the ALJ, GAF scores do not directly correlate to Social Security severity requirements, and thus are less probative as to disability inquiries. AR 20 (citing 65 Fed. Reg. 50,746, 50,765-766 (Aug. 21, 2000)). Plaintiff has failed to identify an error in this reasoning, and therefore it should be affirmed.

C. *Step Three*

Plaintiff recounts the ALJ's step-three finding and asserts that the ALJ erred at this step (ECF # 15 at 5), but does not go on to identify any particular step-three error. The remainder of Plaintiff's discussion of the medical evidence appears to challenge the ALJ's interpretation of medical opinions in connection with the RFC assessment, and thus the step-three findings should be affirmed.

D. *Mr. Swanson's Opinion*

Plaintiff challenges the ALJ's reliance on a physical therapy note written by Nathan Swanson, MPT. The ALJ noted that in July 2010 Mr. Swanson found Plaintiff capable of carrying more than 10 pounds without difficulty. AR 19 (citing AR 546). Plaintiff does not dispute that finding, but directs the Court's attention to Mr. Swanson's other findings from that same treatment session: mild difficulty with reaching overhead, self-reported pain, and mild weakness in the right shoulder. ECF # 15 at 6 (citing AR 546). Plaintiff does not explain how these other findings undermine Mr. Swanson's opinion that he has no difficulty carrying more than 10 pounds. Mr. Swanson noted that Plaintiff had improved his shoulder strength with

exercises in the clinic and at home. AR 547. The whole of Mr. Swanson's treatment note does not suggest that the ALJ improperly cherry-picked evidence to support his conclusion.

E. *Dr. Metz's Opinion*

Treating physician Christobal Sanchez Metz , M.D., completed form opinions in April 2010 and March 2011, describing Plaintiff's physical functional capacity. AR 618-23, 751-78. In April 2010, Dr. Metz indicated that Plaintiff was "severely limited," meaning he was unable to lift at least two pounds or was unable to stand and/or walk. AR 620. The ALJ rejected this opinion as inconsistent with examination findings and Plaintiff's activities. AR 19.

Plaintiff argues that Dr. Metz's opinion was actually supported by Mr. Swanson's physical therapy treatment notes (ECF # 15 at 6-7), but fails to show how Mr. Swanson's opinion that Plaintiff can carry more than 10 pounds without difficulty could be consistent with Dr. Metz's opinion that Plaintiff cannot lift even 2 pounds. The ALJ properly noted the inconsistency and reasonably resolved it. Plaintiff has failed to identify an error in the ALJ's assessment of Dr. Metz's opinion.

F. *Dr. Wingate's Opinion*

Examining psychologist Terilee Wingate, Ph.D., completed DSHS form opinions in April 2009 and March 2010. AR 507-30. The ALJ gave "significant weight" to Dr. Wingate's March 2010 opinion, which he summarized as follows:

> Dr. Wingate diagnosed the claimant with major depressive disorder and cannabis abuse in remission ([AR 509]). Dr. Wingate stated that the claimant had mild limitations in cognitive factors and moderate limitations in social factors ([AR 510]). Dr. Wingate further stated that with medication the claimant's mood had improved and with continued treatment the claimant could work ([AR 510-11]). I give significant weight to this opinion because it is consistent with the mental status examination as well as the treatment record which show that the claimant's mental symptoms improved with treatment ([AR 660-91, 696-749]).

AR 20. Plaintiff disputes this summary: "Dr. Wingate actually diagnosed the claimant with major depressive disorder recurrent, moderate with psychotic features, and that the claimant should be able to return to work in a minimum of 6 months/maximum one year of impairment. [AR 510-12]." It is unclear how Plaintiff believes his summary of Dr. Wingate's opinion reveals error in the ALJ's summary: Dr. Wingate did in fact opine that "[w]ith continued treatment [Plaintiff] should be able to work." AR 511. She indicated that she believed Plaintiff would continue to be as impaired as noted in her opinion for 6-12 months (AR 511), but not that he would return to work in that timeframe as Plaintiff claimed.

Furthermore, although Plaintiff appears to further contend that the ALJ erred in citing evidence stemming from his "good days" while failing to recognize that the record also evidences "bad days" caused by depression (ECF # 15 at 7), he does not cite any medical opinions showing that his depression caused disabling symptoms even on bad days. Dr. Wingate twice opined that with treatment Plaintiff would be able to work (AR 511, 522), while acknowledging that his depression produces good days and bad days and that his global illness was markedly severe (AR 520). The ALJ cited evidence showing that Plaintiff reported situational stressors, including his father's illness, the anniversary of his son's death, and housing complications, which reasonably supports the ALJ's interpretation of the evidence. AR 17. Because Plaintiff has failed to establish that the ALJ's assessment of the evidence was not reasonable, he has failed to identify an error in the ALJ's rationale. See Morgan, 169 F.3d at 599 ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

G. *Duty to Develop*

Plaintiff cursorily argues that the ALJ failed to comply with his duty to develop the

record. ECF # 15 at 7-8. He fails to identify any particular portion of the record that required additional development, instead citing numerous cases without providing any relevant analysis. Id. The undersigned will not further address this argument, in light of Plaintiff's failure to provide any analysis. See generally Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity).

II. The ALJ's Assessment of Plaintiff's Credibility

The ALJ provided a number of reasons to discount Plaintiff's credibility: (1) lack of objective support in the medical record; (2) improvement with treatment; (3) ability to work in the past with similar symptoms; (4) failure to disclose drug use; (5) inconsistent statements; (6) failure to stop smoking against medical advice; (7) inconsistent daily activities; and (8) affirmative evidence of malingering. AR 16-19. Plaintiff generally argues that the ALJ's adverse credibility determination is erroneous, but only specifically addressed the ALJ's fourth and seventh reasons in detail. ECF # 15 at 10-14.

A. *Legal Standards*

Questions of credibility are solely within the control of the ALJ. See Sample, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan , 242 F.3d at 1148.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester, 81 F.3d at 834 (citation omitted). The ALJ "must identify what

testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

B. *Affirmative Evidence of Malingering*

The ALJ cited affirmative evidence of malingering: one test performed by Dr. Wingate that indicated malingering, and one test that revealed "less than optimum performance." AR 513, 521. Affirmative evidence of malingering is sufficient evidence to support an ALJ's adverse credibility determination. *See Flores v. Comm'r of Social Sec. Admin.*, 237 Fed. Appx. 251, 252-53 (9th Cir. Jun. 20, 2007).

Although the ALJ did not need to provide additional reasons to discount Plaintiff's credibility, he did go on to provide a number of other reasons, only two of which are challenged by Plaintiff. Even if Plaintiff is correct that the ALJ mischaracterized his statements regarding past drug use or in describing his daily activities, the ALJ provided a number of other valid reasons, primarily the affirmative evidence of malingering, that would independently support the adverse credibility determination. Thus, any error in the ALJ's reasoning as to credibility would be harmless. See Carmickle, 533 F.3d at 1162-63.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ properly concluded Plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court affirm Defendant's decision.

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **May 16, 2014**, as noted in the caption.

DATED this 29th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge